# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JEROME L. GRIMES,

   Plaintiff,

v.

OFFICER ROBERT FARMER,
MONTGOMERY CO. POLICE DEPT.,

   Defendants.

Civil Action No.: PX-17-3367

## MEMORANDUM OPINION

Pending before the Court in this civil rights action is Defendant's motion to dismiss the Amended Complaint for failure to state a claim. ECF No. 30. [2] The matter is ripe for review and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, the motion is GRANTED.

## I.  Background

Although the Amended Complaint is confusing and, at times, incoherent, it appears to challenge the propriety a June 2016 traffic stop executed by Montgomery County police officer Robert Farmer on the car Grimes was driving. ECF No. 21-2 at 4, 5. In connection with the traffic stop, law enforcement seized the vehicle and charged Grimes with several traffic violations, including failure to display a license plate. *Id*. at 4-6. According to Grimes, the traffic citations were ultimately dismissed. *Id.* at 11. Grimes avers that the stop and seizure violated his rights under the Fourth and Eleventh Amendments to the United States Constitution, and defamed his character. *Id* at 5. The Amended Complaint proceeds against the County only as a municipality,

---

[2] The Court initially denied Defendant's first Motion to Dismiss (ECF No. 15) on February 1, 2019, to afford Grimes the opportunity to comply with the Court's earlier Order to supplement his complaint. Ultimately, Grimes filed the Amended Complaint (ECF No. 21) that is the operative complaint and the subject of this Opinion.

although Grimes contends in his responsive pleading that the Fourth Amendment claim against Officer Farmer "should not be dismissed with prejudice" and argues why Farmer is liable. ECF No. 32 at 9. Because Grimes proceeds pro se, the Court construes the Amended Complaint liberally, and will address the viability of the claim as if Officer Farmer were a named defendant.

## II. Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). *See also Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel

2

. . . a district court is not obligated to ferret through a [c]omplaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## III. Analysis

### A. Fourth Amendment and Eleventh Amendment Claims

The Amended Complaint seeks to hold Montgomery County liable for violating Grimes' Fourth and Eleventh Amendment rights in connection with the June 2016 traffic stop. Accordingly, the Amended Complaint must aver plausibly that an individual officer's acts or omissions violated the plaintiff's constitutional rights and that the violation arose from an unconstitutional pattern, practice custom or policy of the defendant municipality. *See Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 691, 694 (1978).

The Amended Complaint, read most favorably to Grimes, does not aver any facts from which this Court may infer that the officer who stopped Grimes did so pursuant to an unconstitutional policy, pattern, practice or custom. Thus, Montgomery County's motion to dismiss must be granted on this basis alone.

As for Officer Farmer, the Amended Complaint offers no facts to support that the traffic stop, as executed, violated Grimes' constitutional rights. To be sure, the Amended Complaint baldly asserts that the Officer acted with malice and as part of a conspiracy to prevent him Grimes from traveling to another state. But without any facts to support these allegations, the Amended Complaint cannot survive challenge. To the extent Grimes intended to pursue such violations against Officer Farmer individually, these claims are dismissed.

### B. The Defamation Claim

The Amended Complaint also contends that Montgomery County, through Officer Farmer, defamed Grimes when the officer "broadcast" that his car was subject to seizure. ECF No. 21-2 at 4. Defamation is a common law tort that, when brought against a local government agency, triggers the notice requirements of Maryland's Local Government Tort Claims Act (LGTCA). Md. Code Ann., Cts. & Jud. Proc. § 5-304(b). The LGTCA requires a plaintiff to first notify the County of the alleged tortious conduct within one year from the date of injury. *Id.* Where, as here, a plaintiff does not plead or otherwise demonstrate compliance with the LGCTA's notice requirement, the claim must be dismissed. *Hansen v. City of Laurel*, 420 Md. 670, 684, 25 A.3d 122 (2011). The same analysis applies to Grimes' defamation claim against Officer Farmer individually, as a County employee. Md. Code Ann., Cts. & Jud. Proc. § 5-304(b). Because the Court can find nothing in the Amended Complaint or in the record to reflect that Grimes complied with the notice requirements of the LGTCA, the defamation claim also must be dismissed.

### IV. Conclusion

For the above-stated reasons, the Court grants the Defendant's motion to dismiss. A separate Order follows.

\_\_\_\_10/23/19_____ _____/S/_____
Date                                                                        Paula Xinis
                                                                                     United States District Judge